IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHAD A. MESSENGER,                    )    CASE NO. 3:13 CV 2234
                                      )
                 Petitioner,          )    JUDGE JAMES G. CARR
                                      )
        v.                            )    MAGISTRATE JUDGE
                                      )    WILLIAM H. BAUGHMAN, JR.
NORM ROBINSON,                        )
                                      )
                 Respondent.          )    **ORDER**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-
        A.    Background facts, conviction, and sentence . . . . . . . . . . . . . . . . . . . . . . -4-
        B.    Direct appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-
              1.    Ohio court of appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-
              2.    Supreme Court of Ohio . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-
        C.    Application to re-open the appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-
        D.    Postconviction motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-
        E.    Federal habeas petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-
        A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-
        B.    Standards of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-
              1.    Procedural default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-
              2.    AEDPA review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -18-
        C.    Application of standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-
              1.    Grounds one and five should be dismissed as procedurally defaulted or
                    waived because they were not raised to the Ohio courts and because
                    Messenger has not presented any basis for excusing these defaults.
                    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-
              2.    Ground three (claiming that Messenger was denied a fair trial when the
                    trial court permitted the introduction of testimony on so-called
                    "battered woman syndrome") should be dismissed as procedurally
                    defaulted because the state appeals court determined that it could
                    review this claim only for plain error because Messenger had made no

contemporaneous objection to such testimony at trial and because that default has not been excused by a showing of cause and prejudice or actual innocence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -22-

3. Those portions of ground four alleging ineffective assistance of trial counsel as to: (1) a failure to file pretrial motions or conduct discovery, (2) failure to object to prior "bad acts" evidence at trial, (3) failure to object to purported expert testimony on battered woman syndrome, and (4) failure to pay attention during trial, should be dismissed as procedurally defaulted for not being presented to the Ohio courts. Likewise, that portion of ground four alleging ineffective assistance of appellate counsel: (1) because counsel "did not listen" to Messenger as regards raising an issue as to allied offenses, and (2) because many of the assignments of error "were poorly or incompletely argued," should be dismissed as procedurally defaulted. . . . . . . . . . . . . . . . . . . . -24-

 a. Trial counsel– State's argument . . . . . . . . . . . . . . . . . . . -25-
 b. Appellate counsel – State's argument . . . . . . . . . . . . . . . -26-
 c. Messenger's traverse . . . . . . . . . . . . . . . . . . . . . . . . . . . . -26-
 d. Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -26-

4. Ground two (claiming that the convictions were against the manifest weight of the evidence and not supported by sufficient evidence) should be denied on the merits after AEDPA review because the decision of the Ohio courts on the manifest weight of the evidence claim necessarily included consideration of the federal claim of insufficiency of the evidence, and the state court decision was not contrary to the clearly established federal law of *Jackson v. Virginia*. . . . . . . . -27-

5. That sub-portion of ground four alleging ineffective assistance of trial counsel for not requesting a *Daubert* hearing prior to the testimony of Officer Foster should be denied on the merits because the Ohio court decision adjudicating this claim was not an unreasonable application of the clearly established federal law of *Strickland*. . . . . . . . . . . . . -31-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -36-

## Introduction

I have before me by referral[1] the *pro se* petition of Chad A. Messenger for a writ of habeas corpus under 28 U.S.S. § 2254.[2] The State of Ohio has incarcerated Messenger at the Marion Correctional Institution, where he serves an aggregate sentence of 18 years in prison. The Marion County Court of Common Pleas sentenced him after his conviction by a jury on charges of rape, kidnapping, felonious assault, and domestic violence.[3]

Messenger raises five grounds for relief.[4] The State, in its return of the writ, argues that the Court should dismiss two grounds for relief, and a substantial portion of a third ground as procedurally defaulted. The State submits that the remaining grounds fail on the merits because the decision of the Ohio courts adjudicating these issues was not an unreasonable application of clearly established federal law.[5] Messenger has filed a traverse.[6]

For the reasons that follow, I will recommend that the Court dismiss Messenger's petition in part and deny it in part.

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge James G. Carr in a non-document order entered on December 10, 2013.

[2] ECF # 1.

[3] *Id.* at 1.

[4] ECF # 1-1, at 8, 11, 13, 15, 19.

[5] ECF # 10.

[6] ECF # 15.

# Facts

## A.    Background facts, conviction, and sentence

The Ohio appeals court found the background facts on its review of the record,[7] and I summarize them here.

Essentially, the case against Messenger arises out of three incidents of abuse involving Messenger and his wife, Christi, which took place in the fall of 2010, or just months after their marriage in April of that year.[8]

In the first incident, after Messenger and Christi initially fought in their bedroom, Messenger took Christi into the living room, placed her in a chair and ordered her not to move.[9] When Messenger left the room, Christi ran from the house to seek help from a neighbor.[10] She ultimately obtained a temporary protection order from the court that barred Messenger from any contact with Christi, even if she consented to contact.[11]

Less than a week later, Christi reported to the police that Messenger had repeatedly called her in violation of the court order.[12] A Marion police officer responded and was taking

---

[7] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[8] ECF # 11 (state court record index), ECF # 11-1 (appellate court opinion), at 1.

[9] ECF # 11-1, at 1.

[10] *Id.*

[11] *Id.*

[12] *Id.*

Christi's statement in her home when Messenger called her again.[13] The officer then got on the phone and Messenger verbally abused him, angry that another man was in the house with Christi.[14] After the officer identified himself as a police officer and informed Messenger that his phone call to Christi violated a court order, Messenger agreed to meet the officer at the police station in fifteen minutes.[15] He did not keep that appointment.[16]

The third incident occurred approximately two weeks later. Messenger and Christi, now apparently reconciled and back in contact with each other despite the court order, went together to a bar in Marion at about 8 p.m. on October 5, 2010.[17] An argument ensued when Messenger accused Christi of flirting with the bartender, and so the couple returned home.[18] Once home, the argument escalated, and Messenger smashed Christi's face onto the floor with such force that Christi believed her jaw was broken.[19]

Messenger then forced Christi out of the house and into her Jeep, whereupon Messenger drove to some property his parents owned in a nearby town.[20] There, Messenger

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

digitally penetrated Christi's vaginal and anal cavities against her will before driving Christi to yet another location – a property he and Christi had been renovating.[21] Then Messenger put Christi into his vehicle and drove with her through the night and early morning hours until they arrived at Messenger's place of employment,[22] where, after Messenger had left the vehicle, Christi was finally able to contact police and be taken to a hospital.[23]

A grand jury initially indicted Messenger in October, 2010, on charges arising out of the final incident.[24] Subsequent supplemental indictments in 2010 and 2011 added new charges to those arising from the final incident, as well as adding charges grounded in the earlier two incidents.[25] After the State nolled several misdemeanor charges from the original indictment, Messenger pled not guilty to the remaining charges and proceeded to a jury trial, at which he was convicted on all remaining charges.[26] On August 30, 2011, the trial court sentenced Messenger to an aggregate term of 18 years in prison.[27]

---

[21] *Id.*

[22] *Id.*, at 2.

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

## B.   Direct appeal

### 1.   *Ohio court of appeals*

On September 23, 2011, Messenger, through the same attorney who represented him at trial, timely filed a notice of appeal with the Ohio court of appeals.[28] Then, through newly appointed appellate counsel, Messenger presented the following three assignments of error:

> ASSIGNMENT OF ERROR NUMBER ONE: THE TRIAL COURT ERRED IN ALLOWING A POLICE OFFICER TO GIVE OPINION EVIDENCE ON BATTERED WOMAN SYNDROME, NOT ONLY GENERALLY, BUT BY ALLOWING OPINION EVIDENCE AS IT RELATED TO THE ALLEGED VICTIM.[29]

> ASSIGNMENT OF ERROR NUMBER TWO: APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS A RESULT OF HIS COUNSEL'S FAILURE TO OBJECT TO NUMEROUS EVIDENTIARY MATTERS.[30]

> ASSIGNMENT OF ERROR NUMBER THREE: THE JURY'S GUILTY VERDICTS OF RAPE, KIDNAPPING, FELONIOUS ASSAULT AND DOMESTIC VIOLENCE WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.[31]

---

[28] ECF # 11-13, at 702. Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007). As noted, the notice of appeal was filed on September 23, 2011, while the judgment of conviction was final on August 30, 2011. Thus, the appeal was timely.

[29] ECF # 11-15, at 724.

[30] *Id.*, at 727.

[31] *Id.*, at 732.

The State filed a brief in response,[32] to which Messenger filed a reply.[33] Thereafter, the Ohio appeals court, on June 18, 2012, affirmed the judgment of the trial court, overruling all of Messenger's assignments of error.[34]

## 2.    *Supreme Court of Ohio*

On July 26, 2012, Messenger, *pro se*, filed a timely notice of appeal with the Supreme Court of Ohio.[35] In his jurisdictional memorandum, Messenger, *pro se*, raised the following three propositions of law:

Proposition of Law I: The jury's determination of guilty, based upon unreliable and inadmissable expert witness testimony, is against the manifest weight of the evidence.

Proposition of Law II: Appellant was denied due process, equal protection of the laws and a fair trail from ineffective defense counsel, when failing to request a Daubert hearing to test the reliability and relevance of the expert testimony presented, and to object to prosecutor impropriety.

Proposition of Law III: The trial court erred in allowing opinion evidence on battered woman syndrome, as it related to the alleged victim, denying Appellant of a fundamentally fair trial by misleading the jury.[36]

---

[32] *Id.* at 768.

[33] *Id.* at 779.

[34] ECF # 11-1, at 10.

[35] To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought. *See also*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010). As noted, the Ohio appellate opinion was entered on June 18, 2012, and the appeal with the Ohio Supreme Court was filed on July 26, 2012. Thus, in light of the applicable law cited above, the notice of appeal was timely.

[36] ECF # 11-20, at 826.

Without a filing from the State, the Ohio Supreme Court, on October 24, 2012, denied Messenger leave to appeal, dismissing his appeal as involving no substantial constitutional question.[37] The record does not show that Messenger then sought a writ of certiorari from the United States Supreme Court concerning this decision.

**C.    Application to re-open the appeal**

On August 31, 2012, while the direct appeal was still pending before the Ohio Supreme Court, Messenger, *pro se*, filed a motion with the Ohio court of appeals to re-open his appeal pursuant to Ohio Appellate Rule 26 (B).[38] In that motion, Messenger claimed that his appellate counsel was ineffective in four areas:

> Assignment of Error I: Appellant was denied due process and a fair trial by defense counsel's failure to move for severance of the prejudicial joinder of offenses.[39]

> Assignment of Error II: Appellant was prejudiced and denied a fair trial and equal protection of the laws by the misleading and incomplete supplemental jury instructions given that demonstrated the trial court's abuse of discretion.[40]

> Assignment of Error III: Appellant was prejudiced and denied his Confrontation and Compulsory Process Clauses guarantees by ineffective defense counsel's failure to present expert witness testimony for the defense.[41]

---

[37] ECF # 11-21, at 875.

[38] ECF # 11-22, at 876.

[39] *Id.*, at 879.

[40] *Id.*, at 880.

[41] *Id.*, at 884.

<u>Assignment of Error IV</u>: The irrelevant and unreliable evidence presented by the State is insufficient to sustain the jury's guilty verdicts, violating Appellant's Due Process Clause protections.[42]

The record does not indicate that the State filed a brief in response. On October 9, 2012, the Ohio appeals court, applying the clearly established federal law of *Strickland v. Washington*,[43] denied the application to re-open the appeal.[44] Messenger did not appeal from the judgment.[45]

## D.     Postconviction motions

In 2013, Messenger, *pro se*, filed motions in the trial court: (1) to preserve evidence, along with an application for DNA testing;[46] (2) for summary judgment;[47] and (3) to vacate the payment of fines and court costs.[48] After responsive briefing by the State,[49] and replies

---

[42] *Id.*, at 885.

[43] *Strickland v. Washington*, 466 U.S. 668 (1984).

[44] ECF # 1-4.

[45] *See*, ECF # 10 at 8. The State notes that the appeals court decision concerning the motion to re-open was sent to Messenger's counsel of record in his appeal, not to Messenger. However, the State further notes that service of the decision in this manner was proper under Ohio appellate rules, and also that Messenger did later receive a copy of this decision and did nothing to obtain further review.

[46] ECF # 11-23, at 890.

[47] ECF # 11-24, at 901.

[48] ECF # 11-25, at 907.

[49] ECF # 11-26, at 911; ECF # 11-27, at 912.

by Messenger,[50] the trial court, on October 3, 2013, ordered that all the evidence be preserved, denied the motion for DNA testing, denied the request to suspend or vacate the payment of fines and costs, and denied Messenger's motion for summary judgment.[51]

Approximately three weeks later, Messenger, *pro se*, timely appealed that decision, raising the following four assignments of error:

> <u>Issue One</u>: Did the trial judge practice law from the bench and violate ORC 2953.72 (A)(7) by denial and delay of the testing of the DNA after the sentencing of the defendant/appellant[52]

> <u>Issue Two</u>: Did the trial judge contribute to the ineffective assistance of counsil [sic] in 10-cr-500. and refused to ascertain the IQ and mental states of the defendant during th original trial and post conviction.[53]

> <u>Issue Three</u>: Did the trial judge abuse his discretion in receiving non-expert testimony from Debra Virden[54]

> <u>Issue Four</u>: Did the trial judge abuse his discretion in receiving non-expert testimony from Natalie Saracco[55]

---

[50] ECF # 11-28, at 914; ECF # 11-29, at 916.

[51] ECF # 11-30, at 919.

[52] ECF # 11-33, at 937.

[53] *Id.*, at 939.

[54] *Id.*, at 941.

[55] *Id.*, at 942.

The State filed a responsive brief,[56] to which Messenger replied.[57] The State has not cited to a decision in this matter, but my own review of on-line dockets discloses that the Ohio appeals court denied all of Messenger's assignments of error, and that the Ohio Supreme Court, on July 23, 2014, then declined to accept the appeal.[58]

**E.      Federal habeas petition**

On October 9, 2013, this Court docketed the timely filed *pro se* petition for habeas relief.[59] In his memorandum in support of the petition, Messenger presents five grounds for habeas relief:

> **GROUND ONE:** The Ohio State Courts erred in allowing the Petitioner's Sentence which was contrary to law and failed to make the required findings relative to the imposition of consecutive sentencing pursuant to an Ohio Statute and Oregon V. Ice, 555 US 160 (2009); and not consistent with nor procedurally defaulted under Smith V. Moore, 415 Fed Appx 624, 2011 WL 338443 (C.A., 6th (Ohio), 2011) and its Progeny.[60]

> **GROUND TWO:** The Ohio State Courts' Judgment of Convictions were not supported by sufficient evidence and were against the manifest weight of the evidence.[61]

---

[56] ECF # 11-34, at 957.

[57] ECF # 11-35, at 966.

[58] *State v. Messenger*, 139 Ohio St.3d 1485, 12 N.E.3d 1230 (table case) (2014).

[59] As the State points out, the one-year habeas limitation period in this case began to run on January 23, 2013 and required the filing of a petition for habeas relief by January 23, 2014. ECF # 10 at 7. The present matter is, therefore, timely filed.

[60] ECF # 1 at 8.

[61] *Id.* at 11.

**GROUND THREE:** The Ohio State Courts erred as a matter of law in allowing opinion evidence on battered woman syndrone, [sic] as it related to the alleged victim herein; denying Petitioner a fair trial.[62]

**GROUND FOUR:** The Petitioner was deprived of his right to the effective assistance of counsel by both his trial and appellate counsel; which denied him due process, equal protection and fair proceedings.[63]

**GROUND FIVE:** The Petitioner contends that his sentence is contrary to law; alternatively, despite Appellate Counsel's failure to present, as he could not be convicted of Kidnapping, Felonious Assault, Rape and Domestice [sic] Violence as, under the facts, these charges were Allied Offenses of Similar Import under ORC 2941.25.[64]

As noted above, the State argues initially that ground one, which claims that the trial court erred in imposing non-minimum consecutive sentences without making findings of fact, is procedurally defaulted for not being first raised in the Ohio courts.[65] Further, the State also contends that ground five, which deals with merger for sentencing purposes of allied offenses, was likewise not presented to the Ohio courts and is thus procedurally defaulted.[66] The State similarly asserts that those portions of ground four, which allege ineffective assistance of trial counsel for:

---

[62] *Id.* at 13.

[63] *Id.* at 15.

[64] *Id.* at 19.

[65] ECF # 10 at 11.

[66] *Id.* at 13-14.

(a) not filing any pretrial motions or conducting any pretrial discovery,

(b) not objecting to bad acts evidence concerning domestic violence for which Messenger was not then indicted,

(c) failing to object to testimony of two witnesses as to "battered woman syndrome," and

(d) failing to pay attention at trial,

are here procedurally defaulted because they either were not raised at all to the Ohio courts or were raised only at one level of the direct appeal, but not the other.[67]

Finally, the State argues that ground three, which asserts that Messenger was denied due process when the trial court permitted testimony on battered woman syndrome, is procedurally defaulted as waived because trial counsel did not object to such testimony at trial.[68] Alternatively, is a state law evidentiary ruling that, because it does not effect fundamental fairness, should here be regarded as non-cognizable.[69]

The State contends that ground two, which raises an issue of the sufficiency of the evidence, should be denied here on the merits after AEDPA review because the decision of the Ohio court on this issues was not an unreasonable application of the clearly established federal law of *Jackson v. Virginia*.[70] Moreover, to the extent that portions of ground four related to ineffective assistance of counsel are not procedurally defaulted, the State maintains

---

[67] *Id.* at 12-13.

[68] *Id.* at 36.

[69] *Id.* at 33-35, *Jackson v. Virginia*, 443 U.S. 307 (1979)) .

[70] ECF # 10 at 22-33.

-14-

that the claim should be denied on the merits because the Ohio court decision here is not an

unreasonable application of the clearly established federal law of *Strickland*.[71]

As noted above, Messenger filed a traverse.[72]

# Analysis

## A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Messenger is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Messenger meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[73]

2.    There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[74]

3.    In addition, my review of the docket in this Court confirms that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[75]

4.    Subject to the State's arguments concerning waiver of claims and procedural default, I find that the claims here have been totally

---

[71] *Id.* at 41-45.

[72] ECF # 15.

[73] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[74] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[75] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[76]

5.    Finally, Messenger has not requested appointment of counsel,[77] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[78]

## B.    Standards of review

### 1.    *Procedural default*

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[79]

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)    Does a state procedural rule exist that applies to the petitioner's claim?

(2)    Did the petitioner fail to comply with that rule?

(3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

---

[76] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[77] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[78] 28 U.S.C. § 2254(e)(2).

[79] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

-16-

(4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[80]

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[81]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[82] In addition, a showing of actual innocence may also excuse a procedural default.[83]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[84] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire

---

[80] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[81] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[82] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[83] *Id.*

[84] *Id.* at 753.

-17-

proceeding with error of a constitutional dimension.[85] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[86]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[87] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[88]

## 2.     *AEDPA review*

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[89]

---

[85] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[86] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[87] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[88] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[89] 28 U.S.C. § 2254(d).

-18-

In applying that statute, the well-known teachings of *Williams v. Taylor* guide the federal habeas court.[90] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[91] *Williams* further holds that a state court decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[92]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[93] Rather, the federal habeas court may disturb the state court holding only upon showing that it was "objectively unreasonable."[94]

---

[90] *Williams v. Taylor*, 529 U.S. 362 (2000).

[91] *Id.* at 412. *Accord, Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[92] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[93] *Williams*, 529 U.S. at 411.

[94] *Id.* at 409.

-19-

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[95] and "highly deferential" to the decision of the state court.[96] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[97] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[98]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[99]

As the Supreme Court observed in *Harrington v. Richter*, a state court need not state its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[100] When a criminal defendant presents a federal claim to the state court, which then denies it without any statement of reasons or explanation for the decision, "it may be presumed that

---

[95] *Harrington v. Richter*, __ U.S.__, 131 S.Ct. 770, 786 (2011).

[96] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[97] *Richter*, 131 S.Ct. at 786.

[98] *Id.* at 786-87.

[99] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[100] *Richter*, 131 S. Ct. at 784-85.

-20-

the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[101] In such circumstances, the federal habeas court must give deference to the decision of the state court.[102]

**C.     Application of standards**

*1.      Grounds one and five should be dismissed as procedurally defaulted or waived because they were not raised to the Ohio courts and because Messenger has not presented any basis for excusing these defaults.*

As noted above, the State maintains that ground one (the trial court erred in imposing consecutive sentences without findings of fact) and ground five (convictions for all counts should have been merged as allied offenses) are here procedurally defaulted because these claims were not raised to the Ohio courts. For his part, Messenger does not address this argument in his five-page traverse.

A review of the briefs submitted in the direct appeal, and those filed with the application to re-open the direct appeal, discloses that Messenger did not present the claims now designated as ground one and ground five to the Ohio courts. Because Ohio courts would not now permit those claims to be asserted on the basis of *res judicata*, or waiver, as well as the state filing deadlines,[103] such claims are deemed procedurally defaulted.

---

[101] *Id.*; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[102] *Brown*, 656 F.3d at 329.

[103] Ohio courts require that claims be presented at the earliest opportunity, and that failure to do so precludes the presentation of such claims at a later date. *Scott v. Houk*, 760 F.3d 497, 505 (6th Cir. 2014) (citing Ohio cases). This Ohio doctrine is considered by the federal habeas courts to be an adequate and independent state law ground for foreclosing federal habeas review. *Id.*

Messenger's failure to address this argument in any way in his traverse, and so to provide any bases for excusing the defaults, also supports the conclusion that these two grounds should be dismissed as procedurally defaulted or waived.

2. ***Ground three (claiming that Messenger was denied a fair trial when the trial court permitted the introduction of testimony on so-called "battered woman syndrome") should be dismissed as procedurally defaulted because the state appeals court determined that it could review this claim only for plain error because Messenger had made no contemporaneous objection to such testimony at trial and because that default has not been excused by a showing of cause and prejudice or actual innocence.***

In ground three Messenger claims that he was denied a fair trial when the trial court permitted Officer Electa Foster to testify about battered woman syndrome. In addressing this claim in the direct appeal, the Ohio appeals court first found that because Messenger had not made a contemporaneous objection at trial to this testimony, the appeals court could only review the claim for plain error.[104] Using that standard, the appellate court then concluded that Officer Foster was not testifying as an expert, or for the purpose of attesting to the truthfulness of the victim, but merely testified that in her own experience as a police officer it is not uncommon to see people involved in abuse complaints eventually reconcile.[105]

As the State points out, the failure to object to testimony at trial – Ohio's so-called contemporaneous objection rule – is a well-recognized basis for precluding federal habeas review.[106] Moreover, as the Sixth Circuit teaches, when an Ohio appeals court cites to such

---

[104] ECF # 11-1, at 7.

[105] *Id.*

[106] *Osborne v. Ohio*, 495 U.S. 103, 124 (1990).

a failure to object and then conducts a plain error analysis, it does not thereby render a decision on the merits but rather establishes the existence of the state procedural bar.[107]

In his traverse, Messenger acknowledges that his trial counsel did not object to this testimony at trial, but argues that he should have done so.[108] While ineffective assistance of counsel may serve to excuse a procedural default, it is well-settled that an ineffective assistance of counsel claim raised as a cause to excuse a procedural default must itself have first been fairly presented to the state courts as an independent constitutional claim.[109] Here, although Messenger did raise an ineffective assistance of appellate counsel claim to the Ohio courts in his Rule 26(B) application to re-open the appeal, that claim did not fairly present a claim that his trial counsel was ineffective for not objecting to the testimony here at issue.[110] Moreover, it is certainly not sufficient to initially raise the issue of ineffective assistance as a cause for a procedural default in a traverse, as Messenger does here.[111]

---

[107] *Lundgren*, 440 F.3d at 765.

[108] ECF # 15 at 4.

[109] *Murray v. Carrier*, 477 U.S. 478, 489 (1986).

[110] *See*, *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (a claim is fairly presented when both the factual and legal bases for the claim are presented to state courts). In this case, the ineffective assistance of counsel claim asserted in the Rule 26(B) application did not address any purported error in failing to object to testimony on the battered woman syndrome.

[111] *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir.2005) (claims first raised in a traverse are not properly before the district court).

Accordingly, for the reasons stated, ground three should be dismissed as procedurally defaulted because, as noted by the Ohio appeals court, no contemporaneous objection to this testimony was made at trial and because that default has not been excused here by a showing of cause and prejudice or of actual innocence.

**3.** ***Those portions of ground four alleging ineffective assistance of trial counsel as to: (1) a failure to file pretrial motions or conduct discovery, (2) failure to object to prior "bad acts" evidence at trial, (3) failure to object to purported expert testimony on battered woman syndrome, and (4) failure to pay attention during trial, should be dismissed as procedurally defaulted for not being presented to the Ohio courts. Likewise, that portion of ground four alleging ineffective assistance of appellate counsel: (1) because counsel "did not listen" to Messenger as regards raising an issue as to allied offenses, and (2) because many of the assignments of error "were poorly or incompletely argued," should be dismissed as procedurally defaulted.***

In ground four, Messenger contends that he was deprived of the effective assistance of both trial and appellate counsel.

As to the trial counsel, Messenger's names the following instances as examples of ineffective assistance of trial counsel: (1) "not filing a single motion or doing any discovery;" (2) failing to object to testimony about a domestic violence incident for which Messenger was not indicted, including other prior bad acts testimony from Christi Messenger; (3) permitting Officer Foster to give battered woman syndrome testimony, including not requesting a *Daubert*[112] hearing into whether Officer Foster was an expert on battered woman's syndrome; and (4) being distracted at trial because he was facing multiple criminal charges himself.[113]

---

[112] *See*, *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589 (1993).

[113] ECF # 1-1, at 16-17.

-24-

As to appellate counsel, Messenger claims that counsel was ineffective: (1) for not listening to him "in many respects," (2) for failing to raise an assignment of error about allied offenses of similar import, and (3) for "poorly and incompletely" arguing unspecified assignments of error.[114]

### a.     Trial counsel– State's argument

The State argues that only the sub-portion of the claim against trial counsel alleging ineffectiveness for not requesting a *Daubert* hearing was actually presented through one full round of the established appeals process in the Ohio courts.[115] In particular, the State notes that the sub-claims concerning (1) a failure to file pre-trial motions and conduct discovery and (2) a failure to pay attention at trial were not presented in any form to the Ohio courts.[116] Further, the State also maintains that the sub-claim that trial counsel did not object to "numerous evidentiary matters" was raised to the Ohio appeals court, but then not presented to the Ohio Supreme Court.[117] Similarly, the sub-claim that counsel did not object to expert testimony about battered woman syndrome was asserted to the Ohio appeals court, but only that portion of the claim contending that counsel was ineffective for not requesting a *Daubert* hearing was then raised before the Ohio Supreme Court.[118]

---

[114] *Id.*, at 18.

[115] ECF # 10 at 12-13.

[116] *Id.*

[117] *Id.*

[118] *Id.*

-25-

*b.     Appellate counsel – State's argument*

In addition, the State contends that the allegation that appellate counsel provided ineffective assistance for not filing an assignment of error on allied offenses is also procedurally defaulted for not having been first presented to the Ohio appeals court.[119]

*c.     Messenger's traverse*

Messenger, in his traverse, addresses the State's arguments of procedural default on the claims of ineffective assistance of counsel by arguing, on the merits, why the alleged actions or inactions prejudiced the defense but does not address the circumstances of the alleged procedural defaults. Thus, Messenger did not explain why he did not fairly present these particular sub-claims through all levels of the state appellate review procedure, nor offered evidence of actual innocence to excuse the defaults.

*d.     Analysis*

My own review of the record confirms the facts outlined by the State. Accordingly, all claims of ineffective assistance against trial counsel, except the allegation that he failed to request a *Daubert* hearing, have been procedurally defaulted. This default has not been excused. These claims should now be dismissed. In addition, the ineffective assistance of appellate counsel for not filing an assignment of error about allied offenses has also been procedurally defaulted. Messenger has given no excuse for this default. To the extent that the ineffective assistance claim against appellate counsel also includes a vague assertion that

---

[119] *Id.* at 14.

counsel failed to listen, or that counsel's arguments as to unspecified assignments of error were poorly drafted or somehow incomplete, the lack of any specificity to this allegation, as well as the failure to raise this sub-claim to the Ohio appeals court in the Appellate Rule 26(B) application, support a finding that these portions of ground four are also procedurally defaulted, that such default is unexcused and that these sub-grounds should be dismissed.

**4.**     ***Ground two (claiming that the convictions were against the manifest weight of the evidence and not supported by sufficient evidence) should be denied on the merits after AEDPA review because the decision of the Ohio courts on the manifest weight of the evidence claim necessarily included consideration of the federal claim of insufficiency of the evidence, and the state court decision was not contrary to the clearly established federal law of Jackson v. Virginia.***[120]

Initially, as the State observes, Messenger in his direct appeal argued that his convictions for rape, kidnapping, felonious assault, and domestic violence were against the manifest weight of the evidence.[121] Further, the State also notes that by specifying these offenses to the Ohio appeals court, Messenger did not question his conviction for violating a protective order, which conviction is thus not at issue here.[122] Moreover, the State

---

[120] *Jackson*, 443 U.S. 307.

[121] ECF # 10 at 23-24.

[122] *Id.* In particular, I note that the ground for relief here speaks collectively and generically about the "judgments of convictions" without specifying them. Thus, even if Messenger were to assert that this ground encompassed his convictions for violating protective orders, the fact that he did not raise those convictions to the Ohio appeals court in connection with this claim would mean now that any portion of this claim dealing with those convictions would be procedurally defaulted for not having first been presented to the Ohio courts.

acknowledges that although a claim concerning manifest weight of the evidence is a state law claim that does not provide a basis for federal habeas relief, such a claim necessarily involves an analysis of whether sufficient evidence existed to support a conviction, which does state a federal constitutional claim for relief.[123]

The constitutional standard for determining sufficiency of the evidence is "whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[124] "Under *Jackson*, federal courts must look to state law for 'the substantive elements of the criminal offense,'[125] but the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law."[126]

Here, the state appeals court undertook the sort of minute analysis required by *Jackson* of setting out the specific elements of each offense charged and then reviewing the evidence in the light most favorable to the prosecution to determine if sufficient evidence exists to support conviction on each charge.[127] The appeals court, which also carefully recounted Messenger's own testimony in defense, noted that "[r]ather than arguing that there was

---

[123] *Id.* at 22 (citing *Nash v. Eberlin*, 258 F. App'x 761, 765 (6th Cir. 2007)).

[124] *Jackson*, 443 U.S. at 317.

[125] *Id.* at 324, n.16.

[126] *Coleman v. Johnson*, ___ U.S. ___, 132 S.Ct. 2060, 2064 (2012).

[127] In this regard, I note that the state court opinion extends to nearly six pages of text. ECF # 11 at 2-7.

insufficient evidence to support his convictions, Messenger contends that the greater amount of credible evidence weighed against his conviction."[128] Much as he does here,[129] Messenger merely invites this Court to re-weigh the evidence and accept his alternative explanation for what happened rather than the version of events offered by the victim.

On habeas review, federal courts must assume that the jury "resolve[d] conflicts in the testimony," "weigh[ed] the evidence," and drew "reasonable inferences" therefrom.[130] A court should interfere with a jury verdict only to the extent necessary to guarantee the fundamental protections of due process of law.

To determine whether the state court unreasonably applied the sufficiency-of-the-evidence standard of *Jackson*, * * * "[f]irst, [the Court] must ask whether the evidence itself was sufficient to convict.... [and] [t]he inquiry ends if [the Court] determines that there was sufficient evidence."[131] Second, "[i]f [the Court] find[s] that the evidence is insufficient to convict, [the Court] must then apply AEDPA deference [to the state appellate court's sufficiency determination] and ask whether the state court was 'objectively unreasonable' in concluding that a rational trier of fact could find [petitioner] guilty beyond a reasonable

---

[128] *Id.* at 6.

[129] *See*, ECF # 1, Attachment at 12-13.

[130] *Jackson*, supra, at 319; *see also*, *Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983).

[131] *Stewart v. Wolfenbarger*, 595 F.3d 647, 653 (6th Cir. 2010) (citation omitted).

doubt."[132] The result of this double deference is that "habeas corpus relief is appropriate based on insufficient evidence only where we find, after viewing the evidence in the light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[133]

In sum, as the Supreme Court stated in *Coleman*:

"We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury – not the court – to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, ___, 132 S.Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U. S. 766, ___, 130 S.Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010))."[134]

Indeed, as the Ohio appeals court found, "[a]lthough Messenger provides some alternative explanations for the incidents and injuries of Christi, there was still a significant amount of testimony accompanied by a multitude of photographs entered into evidence [from] which a jury could have properly weighed in favor of Christi and thus convicted

---

[132] *Id.* (citation omitted) [explanation added]; *also see*, *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (quoting *Jackson*, 443 U.S. at 319).

[133] *Parker v. Renico*, 506 F.3d 444, 448 (6th Cir. 2007).

[134] *Coleman*, 123 S.Ct. at 2062.

Messenger of the charges against him beyond a reasonable doubt."[135] The court also noted that the victim's account was corroborated by the nurse who treated her, as well as by various police officers, and by numerous witnesses, who, while unable to track the victim's account in all its particulars, were nonetheless able to recount events consistently with the way they were viewed by the victim.[136]

Ground two should be denied on the merits because the decision of the Ohio court was not contrary to the clearly established federal law of *Jackson*.

**5.** ***That sub-portion of ground four alleging ineffective assistance of trial counsel for not requesting a Daubert hearing prior to the testimony of Officer Foster should be denied on the merits because the Ohio court decision adjudicating this claim was not an unreasonable application of the clearly established federal law of Strickland.***

As explained above, the only sub-part of the claim of ineffective assistance of counsel properly before this Court is the allegation that trial counsel was ineffective for not seeking a *Daubert* hearing prior to Officer Foster's testimony on the effects of battered woman syndrome in this case.

In *Higgins v. Renico*,[137] the Sixth Circuit re-stated the foundational rubric for reviewing claims of ineffective assistance of counsel under the long-standing teaching of *Strickland*:[138]

---

[135] ECF # 11 at 6.

[136] *Id.* at 6-7.

[137] *Higgins v. Renico*, 470 F.3d 624 (6th Cir. 2006).

[138] *Strickland*, 466 U.S. 668.

-31-

Under *Strickland*, a defendant must establish both that his counsel's performance was seriously deficient and also that he suffered prejudice as a result of such deficiency.[139]

The *Higgins* court then proceeded to discuss the applicable standards for evaluating each prong of the *Strickland* test.  It explained seriously deficient performance in the following terms:

> When complaining of his counsel's deficient performance, a convicted defendant must show that counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms."  A reviewing court must judge the reasonableness of counsel's actions on the facts of the defendant's case, viewed from counsel's perspective at the time, recognizing that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  In essence, a defendant has the burden of proving by a preponderance of the evidence, that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

> "Because advocacy is an art not a science, ... [counsel's] strategic choices must be respected" if they were made after a thorough investigation of the law and facts relevant to possible options."  Such choices can vary greatly from attorney to attorney and from case to case, and reviewing courts must scrutinize these choices with a great deal of deference.  Indeed, such strategic choices are virtually unchallengeable.  As explained by the Supreme Court:

> > Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to

---

[139] *Higgins*, 470 F.3d at 631.

reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Thus, counsel cannot be adjudged ineffective for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy."[140]

The clearly established federal law of establishing prejudice from deficient performance of counsel was stated by the *Higgins* court as follows:

Even where counsel's performance is deficient, a petitioner is not entitled to habeas relief unless he also demonstrates ensuing prejudice.  In evaluating the prejudice suffered by a defendant as a result of his counsel's deficient performance, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings."  Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding."  Rather, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Although the defendant need not prove that counsel's deficient conduct more likely than not affected the verdict, the defendant must show that "absent his counsel's error, the courts of appeal would have reasonable doubt with respect to his guilt."  "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged."  In this vein, the court must determine whether "the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results."

---

[140] *Id.* at 631-32 (internal citations omitted).

-33-

Whether an error actually prejudiced a defendant is weighed against the "totality of the evidence before the judge or jury."  A verdict "only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."[141]

Moreover, a federal habeas court may, as an initial inquiry, consider either the alleged deficiency itself or the claim of prejudice resulting from such deficiency since establishing both prongs is required to grant the writ.[142]

Here, the state appeals court explicitly cited and relied upon *Strickland* in adjudicating this claim:

{¶ 55} In Messenger's second assignment of error, he claims that he was denied his right to effective assistance of counsel. Specifically, Messenger claims that his trial counsel was ineffective for failing to object to several segments of evidence and testimony that cumulatively were prejudicial.

{¶ 56} "Reversal of convictions on ineffective assistance requires the defendant to show "first that counsel's performance was deficient and, second that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial'" *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751 at ¶ 105 quoting *Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052 (1984). When considering a claim of ineffective assistance of counsel, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

{¶ 57} A tactical decision by trial counsel, who as a licensed attorney is presumed to be competent, is not by itself enough to show ineffective assistance of counsel simply because the strategy did not result in an acquittal. *State v. Clayton*, 62 Ohio St.2d 45, 48-49 (1980); *State v. Timm*, 3d Dist. No. 13-11-23, 2012-Ohio410, ¶ 31. "Furthermore, trial counsel's failure to object is generally viewed as trial strategy and does not establish ineffective assistance." *State v. Turks*, 3d. Dist. No. 1-08-44, 2009-Ohio-1837, ¶ 43, citing

---

[141] *Id.* at 633-34 (internal citations and parenthetical comments omitted).

[142] *Id.* at 631 n.3.

*State v. McKinney*, 11th Dist. No.2007-T-0004, 2008-Ohio-3256, ¶ 191; *State v. Gumm*, 73 Ohio St.3d 413, 428; *State v. Conway*, 109 Ohio St.3d 412, 2006.Ohio.2815, ¶ 103.

In applying *Strickland*, the Supreme Court in *Ritcher* teaches that the writ must be denied if there is any reasonable argument that counsel satisfied Strickland's deferential standard.[143] Here, the state appeals court concluded that there was no reason for counsel to have requested a hearing on whether Officer Foster was an expert on battered woman syndrome since her testimony was not in the nature of an expert's opinion but merely that of a police officer testifying as to her "broad experience as a police officer without reference to any expertise or opinion as to the 'battered woman syndrome.'"[144]

Applying the standard of review mandated by *Strickland*, the decision of the state court was not an unreasonable application of that standard. Simply put, it was not unreasonable for trial counsel to decline to request a hearing on whether Officer Foster qualified as an expert on battered woman syndrome when her testimony did not involve the giving of any expert opinion.

Accordingly, this sub-portion of ground four should be denied on the merits after AEDPA review.

---

[143] *Ritcher*, 131 S.Ct. at 788.

[144] ECF # 11 at 7.

## Conclusion

For the reasons stated above, I recommend that the petition of Chad A. Messenger for a writ of habeas corpus be dismissed in part and denied in part as is more fully set forth above.

Dated: February 12, 2015                    s/ William H. Baughman, Jr.
                                                                   United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[145]

---

[145] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-36-