**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF OHIO
WESTERN DIVISION**

Chad A. Messenger,                                                              Case No. 3:13CV2234

        Petitioner

        v.                                                                  **ORDER**

Norm Robinson, Warden,

        Respondent

        This is habeas corpus proceeding under 28 U.S.C. § 2254 in which, following an order of reference, United States Magistrate Judge William Baughman, Jr., filed a Report and Recommendation. (Doc. 19). In response thereto the petitioner has filed timely objections. (Doc. 22).

        I have reviewed the Report and Recommendation and record *de novo*, albeit without the benefit of a response thereto from the respondent.

        For the reasons that follow, I find no merit in the objections or the petition; accordingly, I adopt the Report and Recommendation, dismiss the petition, and enter judgment in favor of the respondent and against the petitioner accordingly.

**Discussion**

**A. Factual Background and State Proceedings**

        In light of the Magistrate Judge's thoroughly, indeed scholarly Report and Recommendation, I need not explicate in any great detail the dismal events leading to petitioner's conviction on

multiple charges of assaultive conduct against his wife, the procedural history from trial through appeals and efforts to secure post-conviction relief, or his contentions and arguments in this proceeding.

The record shows that a rational jury could find beyond a reasonable doubt that the following events had occurred as alleged in the indictment.

After two less severe assaults on his wife and issuance of an intervening protective order, petitioner met his wife, with her consent, at a bar. They argued and he took her home. Further arguing ensued, and petitioner slammed the victim to the ground, causing her to believe she had fractured her jaw. He then took her against her will from the residence, put her into a Jeep, and drove away. He assaulted her sexually while en route to his destination (his place of employment). Once there, the victim was able escape, report the offenses, and obtain medical treatment.

The jury convicted. On direct appeal, petitioner raised three assignments of error:

- Improper admission of battered woman syndrome testimony;

- Ineffective assistance of counsel - failure to object "to numerous evidentiary matters"; and

- Convictions for rape, kidnapping, felonious assault, and domestic violence were against the manifest weight of the evidence.

Following appellate court affirmance, the petitioner filed a notice of appeal in the Ohio Supreme Court, raising three propositions of law:

- Determination of guilt, based on inadmissible expert evidence, was contrary to the manifest weight of the evidence;

- Denial of effective assistance of counsel due to failure to request a *Daubert* hearing and to object to prosecutorial impropriety; and

- Improper admission of battered woman syndrome testimony.

The Ohio Supreme Court denied leave to appeal.

While his application before the Supreme Court was pending, petitioner filed an application to reopen his appeal in the appellate court. His assignments of error were:

- Failure of defense attorney to move to sever counts;

- Improper jury supplemental jury instruction;

- Denial of right to compulsory process due to attorney's failure to present defense witnesses; and

- Evidence insufficient to sustain guilty verdicts.

The Court of Appeals denied the Application to reopen.

Petitioner next filed a state post-conviction petition in the trial court, asserting:

- Trial judge practiced law from the bench by denying demand for DNA testing after sentencing the petitioner;

- Trial judge contributed to ineffectiveness of counsel by refusing to ascertain petitioner's IQ and mental state of mind during the original trial and post-conviction;

- Abuse of discretion re. receipt of non-expert testimony; and

- Same re. another witness.

The Court of Appeals affirmed denial of relief.

### B. Habeas Corpus Claims

3

The petition alleges:

- Ground One: sentence contrary to state law;

- Ground Two: convictions contrary to the manifest weight of the evidence;

- Ground Three: improper admission of battered woman syndrome evidence;

- Ground Four: denial of effective assistance of counsel at trial and on appeal; and

- Ground Five: ineffective assistance of counsel at sentencing; failure to contend that the charges were allied offenses of similar import.

## C. Analysis

### 1. Defaulted Grounds

The Magistrate Judge determined, and his determination is clearly correct, the petitioner cannot prevail as to Grounds One and Five due to procedural default, as to which he has not met his burden of showing cause and prejudice.

The Magistrate Judge also properly concluded that procedural default likewise bars relief re. Ground Three (battered woman syndrome testimony). There was no contemporaneous objection to this testimony in the trial court; thus, appellate review was on the basis of plain error, rather than the lower abuse of discretion standard. To the extent that the petitioner now asserts that he suffered ineffective assistance of counsel *vis-a-vis* the failure to timely object, I agree with the Magistrate Judge that procedural default likewise bars relief.

Similarly petitioner's claims of ineffective assistance of counsel in the trial court and on appeal are, with the exception of his claim his attorney should have sought a *Daubert* hearing before admission of the battered woman syndrome testimony, likewise procedurally defaulted.

### 2. Sufficiency of the Evidence

On review, I concur with the Magistrate Judge's assessment that there is no merit to this claim. There was ample evidence, when credited, as it was, by the jury, to sustain the petitioner's conviction beyond a reasonable doubt. The state court decisions to that effect are not contrary to clearly established federal law under *Jackson v. Virginia*, 443 U.S. 307 (1979).

### 3. Failure to Request *Daubert* Hearing

As the Magistrate Judge noted, the state appellate court found no violation of *Strickland v. Washington*, 466 U.S. 668 (1984). This was so, in that court's view, because counsel may properly make a tactical decision not to object to evidence. Such decisions are outside the realm of habeas corpus challenge and inquiry. *E.g., Higgins v. Renico*, 470 F.3d 624 (6th Cir. 2006). The decision of the state Court of Appeals was not an unreasonable application of federal law.

### Conclusion

For the foregoing reasons, I find, on the basis of *de novo* review, no merit in the petitioner's contentions. It is, therefore,

ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation (Doc. 19) be, and it hereby is adopted as the opinion and order of this court; and

2. The petition for habeas corpus relief under 28 U.S.C. § 2254 be, and the same hereby is denied.

There is nothing in the Magistrate Judge's Report and Recommendation or my order approving and adopting the Report and Recommendation as to which reasonable jurists could resolve the issues differently.

No certificate of appealability shall, accordingly, issue.

So ordered.

/s/ James G.Carr
Sr. U.S. District Judge
